IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDDIE DOVE | § | |
| v. | § | CIVIL ACTION NO. 9:06cv106 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Eddie Dove, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Dove stated that he was convicted of robbery in a trial before the Court, receiving a sentence of 15 years in prison. He did not take a direct appeal, but sought habeas corpus relief through the State of Texas. This was denied on March 29, 2006, and Dove then filed this federal habeas corpus petition.

In his petition, Dove asserted that there was insufficient evidence to support the conviction. He says that his conviction was based on hearsay testimony from a co-defendant, that there was no physical evidence nor any signed statement to support this testimony, there was no evidence found in his possession, and he was not identified by the victim of the crime after a photo lineup, and Dove did not fit the description of any of the victim's attackers.

The Respondent was ordered to answer the petition. In his answer, the Respondent says that Dove's allegations are procedurally barred because under Texas law, claims of insufficiency of the evidence must be raised through direct appeal and a petition for discretionary review, and not

through state habeas corpus.  The Respondent also alleged that the claims that there was no physical evidence to support the co-defendant's statement and that there was no signed statement against him were not presented to the Texas Court of Criminal Appeals and so are procedurally barred by reason of default.  Dove did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on February 20, 2007, recommending that the petition be denied.  The Magistrate Judge stated that under Texas law, sufficiency of the evidence claims not raised on direct appeal are procedurally defaulted and cannot be raised in state collateral proceedings.  Renz v. Scott, 28 F.3d 431, 432 (5th Cir, 1994).  Because all of Dove's claims are essentially challenges to the sufficiency of the evidence, the Magistrate Judge determined that his claims are defaulted.  The Magistrate Judge also reviewed the record and concluded that Dove's challenges to the sufficiency of the evidence were untenable even were they not procedurally defaulted.  *See* Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998) (in reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, the federal court's review is limited to determining whether, based on the record evidence adduced at trial, no rational trier or fact could have found proof of guilt beyond a reasonable doubt).

Dove received a copy of the Magistrate Judge's Report on March 1, 2007, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge.  Upon such review, the Court has determined that the Magistrate Judge's Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **21** day of **March, 2007.**

_____
Ron Clark, United States District Judge